**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **THE COOPERATIVE FINANCE ASSOCIATION, INC.,** | ) ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) **CIVIL ACTION NO. 5:16-CV-314 (MTT)** ) |
| **STUART EUGENE MCCLESKEY,** | ) ) |
| **Defendant.** | ) ) |

## ORDER

Before the Court is Plaintiff's motion for default judgment.  (Doc. 7).  For the following reasons, the motion is **GRANTED**.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and Defendant executed a loan agreement, promissory note, and security agreement dated April 24, 2014.  (Doc. 1-1).  The promissory note's original principal amount was $250,000, to be due on February 15, 2015, and the agreed interest rate was the Cooperative Finance Association's published base rate plus 2.00%.  *Id.* at 5.

Defendant defaulted on the promissory note by failing to make payments when due.  (Doc. 1, at 3).  On April 16, 2015, Plaintiff sent Defendant a notice of default via certified mail, serving "as formal notice of demand for payment" of the outstanding principal balance and accrued interest.  (Doc. 1-2, at 2).  On April 21, 2016, Plaintiff's attorney sent Defendant a letter via certified mail.  (Doc. 1-3).  In that letter, Plaintiff's

attorney informed Defendant that Defendant was "hereby declared in default under the Loan Documents by virtue of your failure to perform all of your obligations owed to [Plaintiff] under the Loan Documents." *Id.* at 2.  The letter also advised Defendant to "be on notice that the provision of the Loan Documents relative to the payment of attorney's fees in addition to the due and owing principal, interest and other charges shall be enforced, and you have ten (10) days from the date of receipt of this letter to pay all amounts owing thereunder without incurring liability for the attorney's fees," as notice pursuant to O.C.G.A. § 13-1-11.  *Id.*  Finally, the letter spelled out the outstanding principal and accrued interest as of April 18, 2016 and warned that "[i]nterest will continue to accrue on the foregoing amounts at the per diem rate of $78.00691."  *Id.*

On June 30, 2016, Plaintiff filed suit against Defendant, alleging a claim of breach of contract on the promissory note and also seeking attorney's fees and expenses.  (Doc. 1).  Defendant was personally served with a summons on July 18, 2016.  (Doc. 4).  Defendant has failed to plead or otherwise defend against the suit.  On August 15, 2016, the Clerk of Court entered default against Defendant.  Plaintiff now moves the Court for default judgment.  (Doc. 7).  Defendant has not responded to Plaintiff's motion.

## II.  <u>DISCUSSION</u>

Pursuant to Fed. R. Civ. P. 55(a), the Clerk of Court must enter a party's default if that party's failure to plead or otherwise defend an action against it "is shown by affidavit or otherwise."  After default has been entered, the Clerk may enter a default judgment on the plaintiff's request if the claim "is for a sum certain or a sum that can be made certain by computation," as long as the party is not a minor or incompetent and

has not made an appearance.  Fed. R. Civ. P. 55(b)(1).  In all other cases, the plaintiff

must apply to the Court for a default judgment.  Fed. R. Civ. P. 55(b)(2).  The Court

must hold an evidentiary hearing to determine damages unless all the essential

evidence is already on the record.  *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13

(11th Cir. 2005) ("We have held that no such hearing is required where all essential

evidence is already of record."); *see also* Fed. R. Civ. P. 55(b)(2) ("The court *may*

conduct hearings . . . ." (emphasis added)).

After the Clerk's entry of default, a defendant is deemed to admit all well-pleaded

factual allegations in the complaint.  *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*,

515 F.2d 1200, 1206 (5th Cir. 1975).[1]  An entry of default against the defendant does

not establish that the plaintiff is entitled to a default judgment, however.  The defendant

is not deemed to admit (1) facts that are not well-pleaded or (2) conclusions of law.  *Id.*

"The Court must consider whether the unchallenged facts constitute a legitimate cause

of action, since the party in default does not admit a mere conclusion of law.  In

considering any default judgment, the Court must consider (1) jurisdiction, (2) liability,

and (3) damages."  *Johnson v. Rammage*, 2007 WL 2276847, at *1 (M.D. Ga.) (citing

*Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004)).  The

defendant is not deemed to admit the plaintiff's allegations relating to the amount of

damages, also.  *Patray v. Nw. Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996); *see

also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former
Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d
1206, 1209 (11th Cir. 1981) (en banc).

has an obligation to assure that there is a legitimate basis for any damage award it enters . . . .").

### A. Jurisdiction and Liability

The factual allegations in the complaint and the attached documents, deemed admitted by Defendant, establish that Plaintiff is a corporation with diversity citizenship in Missouri and Kansas and that Defendant is an individual with diversity citizenship in Georgia. (Doc. 1, at 2). Therefore, the Court possesses diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. The allegations also show that the Court also holds personal jurisdiction over Defendant. (Doc. 1, at 2).

The factual allegations also show that Defendant has failed to pay the amounts owed under the promissory note and Plaintiff has a right to recover the amounts owed. *See* (Docs. 1; 1-1) (setting forth the terms of the promissory note and Defendant's breach of the note).

### B. Damages

An evidentiary hearing is not necessary to determine damages because there is sufficient evidence on record.

#### 1. Principal, accrued interest, and unpaid fees

The factual allegations, deemed admitted, show that as of the date of this Order, Defendant is liable for $249,622.12 in principal; $57,289.84 in accrued interest; and $474.42 in unpaid fees. *See* (Doc. 1, at 4) (setting forth the principal; the amount of accrued and unpaid interest of $47,773.00 as of June 27, 2016; the ongoing per diem interest rate of $78.00691 between June 27, 2016 and the date of this judgment,

totaling 122 days; and the amount of unpaid fees).  Defendant is therefore liable for $307,386.38 in total principal, accrued interest, and fees.

### 2.  Attorney's fees

Pursuant to O.C.G.A. § 13-1-11(a), "[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness . . . shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity."  If the promissory note provides for attorneys' fees in an unspecified amount, as here, "such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note . . . and 10 percent of the amount of principal and interest owing thereon in excess of $500.00."  O.C.G.A. § 13-1-11(a)(2).  A party seeking to collect attorney's fees allowed by this statute must give the debtor written notice after maturity, and the notice must state the debtor has ten days to pay the principal and interest due without being liable for attorney's fees.  O.C.G.A. § 13-1-11(a)(3).  If all these requirements are met, the provision for attorney's fees is enforceable.  *TermNet Merch. Servs., Inc. v. Phillips*, 277 Ga. 342, 344, 588 S.E.2d 745, 747 (2003).

The factual allegations in the complaint and attached correspondence show the above requirements have been met.  Accordingly, Defendant is liable for attorney's fees in the amount of 15% of $500 and 10% of the remaining principal and accrued interest ($306,411.96).  Defendant is therefore liable for $30,716.20 in attorney's fees.

## III. CONCLUSION

The Plaintiff's motion for default judgment (Doc. 9) is **GRANTED**. Judgment shall be entered against Defendant in the total amount of $338,102.58, which includes principal due on the Notes, accrued interest, unpaid fees, and attorney's fees.

**SO ORDERED**, this 27th day of October, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT