**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **THE COOPERATIVE FINANCE ASSOCIATION, INC.,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| **v.** ) ) | **CIVIL ACTION NO. 5:16-CV-314 (MTT)** |
| **STUART EUGENE MCCLESKEY,** ) ) | |
| **Defendant.** ) ) | |

## ORDER

The Plaintiff, Cooperative Finance, moves to compel the Defendant, Stuart McCleskey, to answer post-judgment interrogatories.  Doc. 13.  As discussed below, the motion is **GRANTED**, and McCleskey is **ORDERED** to respond to Cooperative Finance's post-judgment interrogatories by January 5, 2018.

## I. BACKGROUND

Cooperative Finance and McCleskey and Defendant executed a loan agreement, promissory note, and security agreement dated April 24, 2014.  Doc. 1-1.  The promissory note's original principal amount was $250,000, to be due on February 15, 2015, and the agreed interest rate was the Cooperative Finance Association's published base rate plus 2.00%.  *Id.* at 5.  Defendant defaulted on the promissory note by failing to make payments when due.  Doc. 1 at 3.

On June 30, 2016, Cooperative Finance filed suit against McCleskey, alleging that McCleskey breached his contractual duties on the promissory note and seeking attorney's fees and expenses.  Doc. 1.  McCleskey failed to plead or otherwise defend

against the suit, and on October 27, the Court granted Cooperative Finance's motion for default judgment. Doc. 9. On November 4, judgment was entered for Cooperative Finance against McCleskey in the amount of $338,102.58. Doc. 10.

Now, Cooperative Finance moves to compel post-judgment interrogatories. Doc. 13. McCleskey has not responded to the motion.

## II. DISCUSSION

Judgment creditors are entitled to discovery, including interrogatories, "from any person—including the judgment debtor"—in aid of the judgment or execution. Fed. R. Civ. P. 69(a)(2). Responding parties must answer interrogatories within 30 days after being served, unless otherwise stipulated to or ordered by the Court. Fed. R. Civ. P. 33(b)(2). Parties seeking discovery may move for an order compelling an answer when the responding party fails to answer an interrogatory submitted under Rule 33. Fed. R. Civ. P. 37(a)(3)(B)(iii).

As Cooperative Finance outlines in its motion, on June 5, 2017, Cooperative Finance served via first-class mail its "First Post-Judgment Interrogatories to Judgment Debtor Stuart Eugene McCleskey." Doc. 13 at 1. McCleskey failed to respond, despite the counsel for Cooperative Finance providing the counsel for McCleskey an extension of time to respond to the interrogatories. *Id.* at 2. On August 24, Cooperative Finance moved to compel. *Id.* at 3. McCleskey never responded to the motion.

The Court finds that Cooperative Finance was entitled to post-judgment interrogatories from McCleskey and that McCleskey has failed to respond to those interrogatories. Accordingly, McCleskey is hereby **ORDERED** to respond to Cooperative Finance's post-judgment interrogatories by January 5, 2018. Failure to

timely respond the interrogatories as ordered by the Court will result in sanctions, possibly including a finding that he is contempt of court.  Fed. R. Civ. P. 37(b)(2)(A)(vii), (d)(3).  Further, unless McCleskey shows "substantial justif[ication]" or "other circumstances mak[ing] an award of expenses unjust," McCleskey will be required to pay the reasonable expenses, including attorney's fees, caused by his failure to respond to the interrogatories.  Fed. R. Civ. P. 37(d)(3).

## III. CONCLUSION

For the reasons discussed above, the Plaintiff's motion to compel (Doc. 13) is **GRANTED**.  McCleskey is hereby **ORDERED** to respond to Cooperative Finance's post-judgment interrogatories by January 5, 2018.

**SO ORDERED**, this 8th day of December, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT